United States District Court
District of Massachusetts

```
                                    )
BARRY C. MCANARNEY, as he is        )
EXECUTIVE DIRECTOR,                 )
MASSACHUSETTS LABORERS' HEALTH      )
AND WELFARE FUND, MASSACHUSETTS     )
LABORERS' PENSION FUND, and         )   Civil Action No.
MASSACHUSETTS LABORERS' ANNUITY     )   15-12985-NMG
FUND; JAMES V. MERLONI, JR., as     )
he is ADMINISTRATOR, NEW ENGLAND    )
LABORERS' TRAINING TRUST FUND;      )
and JOSEPH BONFIGLIO, as he is      )
TRUSTEE, MASSACHUSETTS LABORERS'    )
LEGAL SERVICES FUND,                )
                                    )
        Plaintiffs,                 )
                                    )
        v.                          )
                                    )
ABSOLUTE ENVIRONMENTAL, INC. and    )
ABSOLUTE ENVIRONMENTAL              )
CONTRACTORS, INC.                   )
                                    )
        Defendants.                 )
                                    )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiffs, five employee benefit plans and their individual director, administrator and trustee (collectively "plaintiffs" or "the Funds") bring this action against the employer of their beneficiaries to enforce the alleged obligation of that employer to make contributions and to pay interest due under a collective bargaining agreement. Plaintiffs allege that defendants Absolute Environmental, Inc. ("AEI") and Absolute Environmental Contractors, Inc. ("AEC")

-1-

(collectively "defendants") have violated the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1145 and 1132 and the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Pending before this Court is defendants' motion to dismiss. For the reasons that follow, the motion to dismiss will be denied.

I. **Background**

Plaintiffs are five employee benefit plans and three individual directors, administrators and trustees. Plaintiff Barry McAnarney is the Executive Director of three of the plaintiff funds which are administered in Burlington, Massachusetts: (1) the Massachusetts Laborers' Health and Welfare Fund, an employee welfare benefit plan which provides health, dental and prescription benefits and insurance to its participants, (2) the Massachusetts Laborers' Pension Fund, an employee pension benefit plan providing participants with a defined pension benefit and (3) the Massachusetts Laborers' Annuity Fund, an employee pension benefit plan which acts as a defined contribution fund.

Plaintiff James Merloni, Jr. is the Administrator of plaintiff New England Laborers' Training Trust Fund, an employee welfare benefit plan administered in Hopkinton, Massachusetts which trains apprentices and journey workers in the construction industry. Plaintiff Joseph Bonfiglio is a Trustee of plaintiff

Massachusetts Laborers' Legal Services Fund, an employee welfare benefit plan administered in Burlington, Massachusetts.

Defendant AEI is a New Hampshire corporation with its principal place of business in Salem, New Hampshire and defendant AEC is a Massachusetts corporation with its principal place of business in Haverhill, Massachusetts. AEI is an asbestos abatement contractor that was incorporated in 2004 and operated as a non-union contractor until 2010. In January, 2010, AEI signed the Wrecking and Environmental Remediation Acceptance of Agreement and Declaration of Trust ("the Acceptance") through which it became a party to the collective bargaining agreement between the Massachusetts Laborers District Council Union and the Massachusetts State-Wide Wrecking and Environmental Remediation Specialists Association, Inc. ("the CBA").

The CBA requires that signatory employers make contributions to the plaintiff funds for each hour worked by covered employees at the rates prescribed therein. After an employee has met the hours requirement set out by the fund, that employee is entitled to health and welfare benefits. Three months after AEI became a signatory to the CBA, it caused AEC to be incorporated in Massachusetts. AEC is not a signatory to the CBA and undertakes non-union "open shop" work. In its filings with the Massachusetts Secretary of State, AEC identified Elaine

McCaffrey and Susan Quinn, the wives of AEI owners Gary McCaffrey and Richard Quinn, as AEC's directors.  Plaintiffs allege that Gary McCaffrey and Richard Quinn manage both companies and that their wives are not involved in the operations of either company.

Plaintiffs allege that AEC performs the same work that AEI performs, within the territorial jurisdiction of the CBA.  They contend that AEI and AEC both operate out of the same address in Salem, New Hampshire where both companies use the same trucks, estimator, clerical staff and supervisors.  Plaintiffs assert that laborers receive their checks each week from the Salem office regardless of whether they completed jobs for AEI or AEC and that many of laborers work interchangeably for both companies.  They allege that one laborer, Jean Jimenez, reported to the Salem office to collect his checks where he was asked if he had a "union" or "non-union" job.  According to plaintiffs, employees at the office would provide a different-colored paycheck depending on whether the job was union or non-union and those paychecks reflected different rates of pay and deductions. Plaintiffs describe other overlapping functions of the companies, including the sharing of the same website and email address.

Plaintiffs brought this action in July, 2015 and filed an amended complaint in April, 2016, alleging violations of ERISA

and the LMRA. The parties jointly moved to stay the case and it was stayed from May, 2016 until June, 2017. In June, 2017, defendants moved to dismiss the amended complaint and that motion is the subject of this memorandum.

## II. Defendant's Motion to Dismiss

### A. Legal Standard

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering the merits of a motion to dismiss, the Court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken. Nollet v. Justices of Trial Court of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000), aff'd, 248 F.3d 1127 (1st Cir. 2000). Furthermore, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000). Although a court must accept as true all of the factual allegations contained in a complaint, that doctrine is not applicable to legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662 (2009).

**B. Application**

Defendants contend that plaintiffs' alter ego theory fails as a matter of law because plaintiffs do not allege that AEI and AEC deceived or defrauded the Funds or that AEC was used to divert business away from AEI. According to defendants, because AEI was incorporated first and operated as a non-union company for several years before it entered into the CBA and before AEC was incorporated, AEC was not created for an improper purpose. Defendants aver that plaintiffs' alternative theory, that AEC and AEI are, in fact, a single employer with a unified bargaining unit, is unavailing because it is insufficient to bind a non-signatory to a CBA. Furthermore, defendants suggest that this Court lacks jurisdiction to make a single employer determination.

The Funds respond that the complaint alleges facts sufficient to infer that AEI and AEC were alter egos. They rejoin that defendants' attempt to import fraud into the alter ego analysis misapprehends the case law of this Circuit. Plaintiffs submit that they have alleged facts demonstrating continuity of ownership, similarities in management, business purpose, operation, equipment, customers and supervision and anti-union animus. The Funds assert that, in the alternative, this Court has jurisdiction to make a single employer determination.

Under the alter ego doctrine, two employers can, in certain situations, be treated interchangeably for purposes of applying labor laws. N.L.R.B. v. Hosp. San Rafael, Inc., 42 F.3d 45, 50 (1st Cir. 1994). To determine whether a nonsignatory employer is an alter ego of a signatory to a collective bargaining agreement, a court must consider several factors including

> continuity of ownership, similarity of the two companies in relation to management, business purpose, operation, equipment, customers, supervision, and anti-union animus— i.e., whether the alleged alter ego entity was created and maintained in order to avoid labor obligations.

Mass. Carpenters Cent. Collection Agency v. Belmont Concrete Corp., 139 F.3d 304, 308 (1st Cir. 1998) (citing Hosp. San Rafael, 42 F.3d at 51). Although the doctrine is typically applied where a successor employer is "merely a disguised continuance of the old employer", created to avoid obligations under a collective bargaining agreement, it also has been utilized where the companies are not successors but rather engaged in parallel operations. C.E.K. Indus. Mechanical Contractors, Inc. v. N.L.R.B., 921 F.2d 350, 354 (1st Cir. 1990) (citing Southport Petroleum Co. v. N.L.R.B., 315 U.S. 100, 106 (1942)).

Defendants' contention that fraud is an "indispensable element" in the alter ego analysis is futile. The alter ego doctrine is an equitable one and is a

> tool to be employed when the corporate shield, if respected, would inequitably prevent a party from receiving what is otherwise due and owing from the person or persons who have created the shield.

Mass. Carpenters Cent. Collection Agency v. A.A. Bldg. Erectors, Inc., 208 F. Supp. 2d 94, 98 (D. Mass. 2002) (citing Hosp. San Rafael, 42 F.3d at 51). In A.A. Bldg. Erectors, the First Circuit Court of Appeals ("the First Circuit") considered whether a company and its subsidiary were alter egos. In that case, Kalwall Corporation was, and always had been a non-union entity. Id. at 19-20. Kalwall created an affiliated unionized installation contractor, A.A. Building, to employ union workers and A.A. Building entered into a collective bargaining agreement with a number of employee pension benefit and welfare funds. Id. Plaintiffs brought suit, alleging that A.A. Building was an alter ego of Kalwall designed to allow Kalwall to avoid its obligations under the collective bargaining agreement. Id.

On the summary judgment record, the district court found that A.A. Building was not formed by Kalwall to avoid its obligations under the collective bargaining agreement which had not yet been entered into at the time A.A. Building was established. Mass. Carpenters Cent. Collection Agency v. A.A. Bldg. Erectors, Inc., 208 F. Supp. 2d 94, 98 (D. Mass. 2002), aff'd, 343 F.3d at 23. In affirming the district court, the First Circuit noted that the alter ego doctrine generally

applies where a company with obligations under a collective bargaining agreement undertakes some structural change, such as the creation of a successor, to evade its obligations. A.A. Bldg. Erectors, 343 F.3d at 22. To apply that doctrine in reverse, where a non-union entity establishes a union entity which subsequently enters into a collective bargaining agreement, would require some evidence that the purpose of the doctrine would be served by its application. Id.

In examining whether A.A. Building was created to allow Kalwall to escape is obligations under a collective bargaining agreement, the First Circuit noted that (1) there was no evidence that A.A. Building deceived the union about its relationship with Kalwall or the fact that Kalwall operated primarily as a non-union entity and (2) there was no evidence that the union received less than what it bargained for. Id. at 22.

Defendants attempt to shoehorn the facts of this case to match the scenario present in A.A. Bldg. Erectors. They contend that because AEI operated as a non-union shop for almost six years before entering into the CBA, it did not incorporate AEC to evade its obligations. Unlike A.A. Bldg. Erectors, where a non-union entity created a union entity, here we have a non-union entity transmuting into a union entity but then creating a non-union entity, AEC.

Plaintiffs have pled facts sufficient to suggest that the formation of AEC had the effect of allowing AEI to avoid its labor obligations under the CBA. They allege that (1) the companies worked together to evade their obligations to the Funds and (2) laborers were assigned AEC jobs for which they did not receive credited hours necessary for union benefits or contributions to annuity accounts. Plaintiffs' allegations, if proven, would establish that:

> the union membership with rights under a collective bargaining agreement has been [adversely affected] following some change in the structure or operations of the employer with whom the collective bargaining agreement was negotiated.

Id. at 22; see also Raso v. Pegasus & Sons Masonry Co., Inc., 110 F. Sup. 3d 284, 288 (denying a motion to dismiss after finding that "the allegations plausibly suggest potential inequities which may further support a finding of alter ego liability").

Furthermore, "the order of creation of the union and non-union aspects of the double-breasted operation is not determinative" for the purposes of finding alter ego liability. United States v. Thompson, 207 F. Supp. 3d 106, 111 (D. Mass. 2016). Rather the doctrine is flexible and can apply, regardless of the timing of the companies' creation, where a parallel structure "makes it possible to skirt CBA obligations by siphoning off union work to the non-union affiliate". Id.

Beyond its allegations that AEC was established to help AEI evade obligations under the CBA, plaintiffs plausibly allege facts supporting a finding of other relevant factors in the alter ego analysis. They contend that AEI and AEC are controlled by McCaffrey and Quinn despite AEC being formally owned by their wives. See e.g., Belmont Concrete, 139 F.3d at 308 ("Continuity of ownership has been found to exist when the nonsignatory and signatory companies are owned by members of the same family."). Furthermore, the Funds allege facts suggesting that AEI and AEC share (1) the same equipment and trucks, (2) the same office space and (3) the same employees and customers. In sum, the facts alleged in plaintiffs' complaint are sufficient, if proved, to establish that AEC and AEI are alter egos.

Because plaintiffs have pled facts sufficient to state a claim for relief under the alter ego theory, the Court declines to consider their alternative single employer theory.

## ORDER

For the foregoing reasons, defendants' motion to dismiss (Docket No. 44) is **DENIED. So ordered.**

/s/ Nathaniel M. Gorton\_\_\_\_\_
Nathaniel M. Gorton
United States District Judge

Dated April 30, 2018