UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BARRY C. MCANARNEY, as he is EXECUTIVE DIRECTOR, MASSACHUSETTS LABORERS' HEALTH AND WELFARE FUND, MASSACHUSETTS LABORERS' PENSION FUND, and MASSACHUSETTS LABORERS' ANNUITY FUND; JAMES V. MERLONI, JR., as he is ADMINISTRATOR, NEW ENGLAND LABORERS' TRAINING TRUST FUND; and JOSEPH BONFIGLIO, as he is TRUSTEE, MASSACHUSETTS LABORERS' LEGAL SERVICES FUND,<br><br>Plaintiffs,<br>v.<br><br>ABSOLUTE ENVIRONMENTAL, INC.<br><br>and<br><br>ABSOLUTE ENVIRONMENTAL CONTRACTORS, INC.,<br><br>Defendants. | C.A. No. 15-cv-12985-NMG |

## DEFENDANTS ABSOLUTE ENVIRONMENTAL, INC. AND ABSOLUTE ENVIRONMENTAL CONTRACTORS, INC.'S ANSWER, AFFIRMATIVE DEFENSES TO AMENDED VERIFIED COMPLAINT, AND JURY DEMAND

Defendants Absolute Environmental, Inc. ("Absolute") and Absolute Environmental Contractors, Inc. ("Absolute Contractors") (together, "Defendants") hereby answer the separately numbered paragraphs of Plaintiffs' Amended Verified Complaint.

1. Paragraph 1 contains introductory statements and conclusions of law to which no response is required.

# JURISDICTION

2. Paragraph 2 contains conclusions of law to which no response is required.

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 and therefore deny same. To the extent paragraph 3 contains conclusions of law, no response is required.

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 and therefore deny same. To the extent paragraph 4 contains conclusions of law, no response is required.

5. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 and therefore deny same. To the extent paragraph 5 contains conclusions of law, no response is required.

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 and therefore deny same. To the extent paragraph 6 contains conclusions of law, no response is required.

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 and therefore deny same. To the extent paragraph 7 contains conclusions of law, no response is required.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 and therefore deny same. To the extent paragraph 8 contains conclusions of law, no response is required.

9. Defendants admit that Absolute Environmental's principal place of business is 22 Trolley Lane, Salem New Hampshire. Whether Absolute Environmental is an employer engaged in commerce within the meaning of the referenced statutes is a conclusion of law to which no

response is required. The remaining allegations of paragraph 9 are based upon documents that speak for themselves such that no further response is required.

10. As to the first sentence of paragraph 10, Defendants deny that the principal place of business of Absolute Environmental Contractors is 114 Kenoza Avenue, Haverhill, Massachusetts. Whether Absolute Environmental is an employer engaged in commerce within the meaning of the referenced statutes is a conclusion of law to which no response is required. The remaining allegations of paragraph 10 are based upon documents that speak for themselves such that no further response is required.

11. Defendants admit that on or about January 8, 2010, Absolute Environmental executed the Acceptance of Agreement and Declaration of Trust. Further answering, Absolute Environmental executed the Acceptance of Agreement and Declaration in reliance upon the representations of the Business Manager of Building Wreckers Local 1421, Thomas Troy, which are binding upon Plaintiffs, that there would soon be available to all CBA signatories a so-called "residential rate" that would enable CBA signatories to compete with non-CBA signatories and that Defendants could operate a dual business such that one company could compete to engage in non-union work. Defendants state that they do not have sufficient information upon which to admit or deny the allegation that a true and accurate copy of Absolute Environmental's signed Acceptance of Agreement and Declaration of Trust is attached as Exhibit A to the Amended Verified Complaint, and therefore deny that allegation. The remaining allegations in paragraph 11 relating to the effect of the Acceptance of Agreement and Declaration of Trust constitute legal conclusions to which no response is required or are based upon documents that speak for themselves such that no further response is required.

12. Defendants admit solely that a copy of the 2012-2016 CBA is attached as Exhibit B to the Amended Verified Complaint, which is a document that speaks for itself. The remaining allegations contained in paragraph 12 constitute conclusions of law such that no further response is required.

13. The allegations contained in paragraph 13 purport to summarize, paraphrase, or quote the 2012-2016 CBA, which is a document that speaks for itself such that no further response is required. To the extent the allegations of paragraph 13 constitute conclusions of law, no response is required.

14. The allegations contained in paragraph 14 purport to summarize, paraphrase, or quote the 2012-2016 CBA, which is a document that speaks for itself such that no further response is required. To the extent the allegations of paragraph 14 constitute conclusions of law, no response is required.

15. The allegations contained in paragraph 15 purport to summarize, paraphrase, or quote the 2012-2016 CBA, which is a document that speaks for itself such that no further response is required. To the extent the allegations of paragraph 15 constitute conclusions of law, no response is required.

16. The allegations contained in paragraph 16 purport to summarize, paraphrase, or quote the 2012-2016 CBA, which is a document that speaks for itself such that no further response is required. To the extent the allegations of paragraph 16 constitute conclusions of law, no response is required.

17. The allegations contained in paragraph 17 purport to summarize, paraphrase, or quote the 2012-2016 CBA, which is a document that speaks for itself such that no further

response is required. To the extent the allegations of paragraph 17 constitute conclusions of law, no response is required.

18. The allegations contained in paragraph 18 purport to summarize, paraphrase, or quote the 2012-2016 CBA, which is a document that speaks for itself such that no further response is required. To the extent the allegations of paragraph 18 constitute conclusions of law, no response is required.

19. The allegations contained in paragraph 19 purport to summarize, paraphrase, or quote the 2012-2016 CBA, which is a document that speaks for itself such that no further response is required. To the extent the allegations of paragraph 19 constitute conclusions of law, no response is required.

20. The allegations contained in paragraph 20 purport to summarize, paraphrase, or quote the 2012-2016 CBA, which is a document that speaks for itself such that no further response is required. To the extent the allegations of paragraph 20 constitute conclusions of law, no response is required.

21. The allegations contained in paragraph 21 purport to summarize, paraphrase, or quote the 2012-2016 CBA, which is a document that speaks for itself such that no further response is required. To the extent the allegations of paragraph 21 constitute conclusions of law, no response is required.

22. The allegations contained in paragraph 22 purport to summarize, paraphrase, or quote the 2012-2016 CBA, which is a document that speaks for itself such that no further response is required. To the extent the allegations of paragraph 22 constitute conclusions of law, no response is required.

23. Defendants admit that attached as Exhibit C to the Amended Verified Complaint are copies of Absolute Environmental's 2010 and 2015 State of New Hampshire Annual Reports, which are documents that speak for themselves such that no further response to the first sentence of paragraph 23 is required. Defendants admit that attached as Exhibit D to the Amended Verified Complaint is a screenshot of Absolute Environmental's website homepage, which is a document that speaks for itself such that no further response to the third sentence of paragraph 23 is required.

24. Defendants admit that Absolute Environmental executed the Acceptance of Agreement and Declaration of Trust on or about January 8, 2010. Further answering paragraph 24, whether Absolute Environmental thereby became a signatory contractor bound to the terms of the CBA is a conclusion of law to which no response is required. Defendants admit that attached as Exhibit E to the Amended Verified Complaint is a letter from Richard Quinn to the Union dated January 8, 2010, which is a document that speaks for itself such that no further response to the remaining allegations contained in paragraph 24 is required.

25. Defendants admit the allegations of paragraph 25. Further answer, Susan Quinn is deceased.

26. Defendants admit the allegations of the first sentence of paragraph 26. Defendants admit that attached as Exhibit F to the Amended Verified Complaint are the Articles of Organizations of "Absolute Environmental Contractors," which is a document that speaks for itself such that no further response is required.

27. Defendants admit that Susan Quinn replaced Christopher McNulty as Absolute Environmental Contractors' President and Elaine McCaffrey became Absolute Environmental Contractors' Treasurer but deny the phrasing that Susan Quinn "displaced" Christopher

McNulty. Defendants admit that attached to the Amended Verified Complaint as Exhibit G is a copy of the Statement of Change of Supplemental Information Contained in Article VIII of Articles of Organization. Defendants admit that attached to the Amended Verified Complaint as Exhibit H is a copy of Absolute Environmental Contractors' Annual Report, which is a document that speaks for itself such that no further response is required.

28. Defendants admit that on or about January 23, 2014 Absolute Environmental Contractors registered to do business in the State of New Hampshire. The allegation that it listed its principal office as 282 Main Street, Suite 301, Salem New Hampshire is based on a document that speaks for itself such that no further response is required. Defendants admit that attached as Exhibit I to the Amended Verified Complaint is a copy of Absolute Environmental Contractors' Application for Certificate of Authority, Absolute Environmental's January 7, 2014 letter, and Absolute Environmental Contractors' 2015 Annual Report, which are documents that speak for themselves such that no further response is required.

29. The documents referenced in paragraph 29 speak for themselves such that no further response is required.

30. Defendants admit the allegations of paragraph 30.

31. Defendants admit that Absolute Environmental Contactors and Absolute Environmental are both asbestos abatement contractors. To the extent that the allegation that they perform the "same type of work" within the territorial jurisdiction of the CBA is a legal conclusion no further response is required.

32. Defendants deny the allegations in the first sentence of paragraph 32. Further answering, Absolute Environmental Contractors no longer operates. Defendant admit that

attached as Exhibit L to the Amended Verified Complaint is a picture of 22 Trolley Lane, Salem, NH, which is a document that speaks for itself such that no further response is required.

33. Defendants admit that the location that Absolute Environmental Contractors listed with the Massachusetts Secretary of State Corporations Division as its principal office is also used by Attorney William J. Barron as an office. Defendants deny the phrasing that the address is "actually" that of Attorney Barron. Defendants admit that the location listed with the New Hampshire Secretary of State for Absolute Environmental Contractors is an office building. Defendants deny that the referenced building does not have a warehouse. Defendants are without information sufficient to admit or deny what Plaintiffs refer to as "no evidence" and therefore deny the remaining allegations of the third sentence.

34. Defendants admit that 22 Trolley Lane is where the companies' trucks and warehouse were maintained but deny that all of the companies' supplies were maintained at that address. Defendants admit the allegations of the second sentence of paragraph 34 were true in the past. Further answering, Absolute Environmental Contractors no longer operates. Defendants admit that attached as Exhibit M to the Amended Verified Complaint is a picture of a truck used by the companies, which is a document that speaks for itself such that no further response is required.

35. Defendants admit the allegations of paragraph 35 were true in the past.

36. Defendants deny the allegations of paragraph 36.

37. Defendants deny the allegations of the first sentence of paragraph 37 as phrased except Defendants admit that when Absolute Environmental Contractors was operating the companies shared workers as openly disclosed to Plaintiffs, and further deny that laborers were

paid "at a wage rate far below the CBA rates of pay" when working for Absolute Environmental Contractors, but admit the remaining allegations of paragraph 37.

38. Defendants are without information sufficient to admit or deny the allegations of the first sentence of paragraph 38, and therefore deny those allegations. Defendants admit the allegations of the second sentence of paragraph 38.

39. Defendants are without information sufficient to admit or deny the allegations of paragraph 39, and therefore deny those allegations.

40. The checks referenced in paragraph 40 are documents that speak for themselves, such that no further response is required. Defendants are without information sufficient to admit or deny the remaining allegations of the first four sentences of paragraph 40, and therefore deny those allegations. The last sentence of paragraph 40 refers to a document that speaks for itself, such that no further response is required.

41. Defendants admit that Mr. Jimenez and some of his co-workers worked at a job at 647 Summer Street in South Boston, MA. Defendants deny the portion of the allegations stating that they were "sent" there. Further answering, Defendants state that laborers had a choice as to whether to work on a particular job, including, without limitation, non-union jobs. Defendants are without information sufficient to admit or deny the allegations of paragraph 41, and therefore deny those allegations.

42. Defendants admit that asbestos abatement work was performed at each of the referenced locations. The allegation that contributions were due to the Funds for such work is a conclusion of law to which no further response is required. The checks by which Mr. Jimenez was paid for the Summer Street job are documents that speak for themselves, such that no further

response is required. Defendants are without information sufficient to admit or deny the remaining allegations of paragraph 42, and therefore deny those allegations.

43. Defendants are unable to admit or deny the allegations contained in the first sentence of paragraph 43, as phrased, including because the term "'regular' pay rate" is undefined. The records of the Massachusetts Department of Environmental Protection referenced in paragraph 43 are documents that speak for themselves, such that no further response is required. Defendants admit that attached as Exhibit N to the Amended Verified Complaint are copies of some of Mr. Jimenez's pay checks, which are documents that speak for themselves such that no further response is required.

44. Defendants admit that many of the laborers employed by Absolute Environmental and formerly employed by Absolute Environmental Contractors have "Union cards," but deny that they were required to present Union cards on jobsites for non-union jobs and paid by Absolute Environmental Contractors at a rate other than that set out in the CBA.

45. Defendants admit the first sentence of paragraph 45, but deny the second sentence of paragraph 45. Further answering, Absolute Environmental Contractors is no longer operating.

46. Defendants admit the allegations in the first sentence of paragraph 46. The documents referenced in the second and third sentences paragraph 46 are documents that speak for themselves such that no further response is required. Defendants admit that attached as Exhibit O to the Amended Verified Complaint is a screenshot of the State of Connecticut eLicensing Website, which is a document that speaks for itself such that no further response is required.

47. The allegations contained in paragraph 47 constitute legal conclusions to which no response is required. Further answering, Absolute Environmental has consistently had

workers' compensation for all New England states through the present. Further answering, Absolute Environmental Contractors had workers' compensation for all New England states while it was in operation.

48. Defendants admit that while Absolute Environmental Contractors was in operation Absolute Environmental and Absolute Environmental Contractors operated out of the same building with the signage "Absolute Environmental," were both asbestos abatement companies, that the companies shared trucks, equipment, supplies and email addresses, as well as management and some supervisory and laborer employees. Further answering, Defendants did so with the full knowledge and approval of the Union and the knowledge of the Funds as to the sharing of employees and the operation of "sister" companies, including as provided to the Funds during audits of Absolute Environmental. Further answering, Absolute Environmental and Absolute Environmental Contractors operated separately in many respects including, without limitation, separate sign-in sheets and other documentation, separate incorporation papers, separate asbestos job notices, separate asbestos abatement licenses, separate accounts receivable, accounts payable, and payroll, separate bank accounts, separate insurance coverage, separate letterhead, separate trucks, and different colored paychecks. Defendants deny the remaining allegations contained in paragraph 48.

## Count I

## Violation of ERISA

49. In response to the allegations of paragraph 49, Defendants repeat, reallege and incorporate by reference their responses to paragraphs 1 through 48 of the Amended Verified Complaint.

50. The allegations contained in paragraph 50 constitute legal conclusions to which no response is required.

51. The allegations contained in paragraph 51 constitute legal conclusions to which no response is required.

52. Denied.

53. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53 and therefore deny those allegations.

## Count II
## Violation of Collective Bargaining Agreement –
## Delinquent Contributions, Interest, and Dues

54. In response to the allegations of paragraph 54, Defendants repeat, reallege and incorporate by reference their responses to paragraphs 1 through 53 of the Amended Verified Complaint.

55. The allegations of paragraph 55 are legal conclusions to which no response is required.

56. The allegations of paragraph 56 are legal conclusions to which no response is required.

Unless expressly admitted, Defendants deny each and every allegation contained in the Amended Verified Complaint.

Defendants deny that Plaintiffs are entitled to any of the relief sought in the Amended Verified Complaint's "WHEREFORE" clause.

## DEFENDANT'S AFFIRMATIVE DEFENSES

### First Defense

Plaintiffs have failed to state a claim upon which relief can be granted.

### Second Defense

The doctrine of accord and satisfaction prevents Plaintiffs from asserting the claims contained in the Amended Verified Complaint.

### Third Defense

The doctrine of assumption of risk prevents Plaintiffs from asserting the claims contained in the Amended Verified Complaint.

### Fourth Defense

Plaintiffs are estopped by their own conduct and the conduct of their authorized agents, including, without limitation, the representations made to Defendants in order to induce them into setting up and operating dual businesses, from asserting the claims contained in the Amended Verified Complaint.

### Fifth Defense

Plaintiffs' fraud against Defendants prevents them from asserting the claims contained in the Amended Verified Complaint.

### Sixth Defense

The doctrine of laches prevents Plaintiffs from asserting the claims contained in the Amended Verified Complaint.

### Seventh Defense

Defendants' payment to Plaintiffs of all monies owed prevents Plaintiffs from asserting the claims contained in the Amended Verified Complaint.

### Eighth Defense

Plaintiffs have waived their right to assert the claims contained in the Amended Verified Complaint.

### Ninth Defense

Plaintiffs' claims must be dismissed under the doctrine of unclean hands.

### Tenth Defense

Plaintiffs have failed to satisfy the applicable administrative prerequisites to their claims.

### Eleventh Defense

Plaintiffs have failed to satisfy the applicable statute of limitations to their claims.

### Twelfth Defense

Defendants specifically reserve the right to amend, supplement and/or add to these affirmative defenses as such defenses become apparent through discovery.

WHEREFORE, Defendants request that this Court dismiss the Amended Verified Complaint with prejudice in its entirety and that they be awarded their costs and attorneys' fees.

**DEFENDANTS DEMAND A JURY TRIAL ON ALL COUNTS AND ISSUES SO TRIABLE.**

Respectfully submitted by:

ABSOLUTE ENVIRONMENTAL, INC., and
ABSOLUTE ENVIRONMENTAL
CONTRACTORS, INC.

By their attorneys,

/s/ Benjamin J. Wish
Howard M. Cooper (BBO #543842)
Benjamin J. Wish (BBO #672743)
Saraa Basaria (BBO #685705)
TODD & WELD LLP
One Federal Street, 27th Floor
Boston, MA 02110
(ph) (617) 720-2626

Dated: May 14, 2018

**CERTIFICATE OF SERVICE**

      I, the undersigned, hereby certify that I served a true copy of the above document upon all parties with an interest in this matter by electronically filing through this Court's CM/ECF filing system this 14th day of May, 2018.

                                      /s/ Benjamin J. Wish
                                      Benjamin J. Wish, Esq.