# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BARRY C. McANARNEY, as he is EXECUTIVE DIRECTOR, MASSACHUSETTS LABORERS' HEALTH AND WELFARE FUND, MASSACHUSETTS LABORERS' PENSION FUND and MASSACHUSETTS LABORERS' ANNUITY FUND; JAMES V. MERLONI, JR., as he is ADMINISTRATOR, NEW ENGLAND LABORERS' TRAINING TRUST FUND; and JOSEPH BONFIGLIO, as he is TRUSTEE, MASSACHUSETTS LABORERS' LEGAL SERVICES FUND,<br>　　　　　　　　Plaintiffs,<br><br>vs.<br><br>ABSOLUTE ENVIRONMENTAL, INC. and ABSOLUTE ENVIRONMENTAL CONTRACTORS, INC.,<br>　　　　　　　　Defendants. | C.A. No. 15-12985 NMG |

## JOINT MOTION TO SET BRIEFING SCHEDULE ON PENDING MOTIONS AND PARTIES' RESPECTIVE REQUESTS FOR HEARING

Plaintiffs Funds[1] and Defendants Absolute Environmental, Inc. ("Absolute") and Absolute Environmental Contractors, Inc. ("Absolute Contractors") (together, "Defendants") (collectively, the "Parties") respectfully request that the Court order that Plaintiffs' opposition to Defendants' Emergency Motion to Compel (ECF No. 68) and Defendants' opposition to Plaintiffs' Motion for Protective Order (ECF No.70) be filed on June 29, 2018. Defendants request a hearing on those motions at the Courts' earliest convenience following the filing of the Parties' respective oppositions on June 29, 2018. Plaintiffs request a hearing on July 9, 2018. In further support thereof, the Parties state as follows:

---

[1] Barry C. McAnarney, as he is Executive Director, Massachusetts Laborers' Health and Welfare Fund, Massachusetts Laborers' Pension Fund and Massachusetts Laborers' Annuity Fund, James V. Merloni, Jr., as he is Administrator, New England Laborers' Training Trust Fund, and Joseph Bonfiglio, as he is Trustee, Massachusetts Laborers' Legal Services Fund.

1. There is currently a September 30, 2018 discovery deadline in this matter. ECF No. 65.

2. The parties have been working cooperatively to schedule depositions in light of witnesses' and attorneys' schedules, including summer vacations. Two depositions have occurred to date, with as many as twelve depositions to take place during July and early August.

3. On June 18, 2018, Defendants filed their Emergency Motion to Compel and Plaintiffs filed their Motion for Protective Order.

4. The Court's resolution of the parties' respective pending motions will dramatically impact the scope of discovery in this matter, including both with respect to the documents to be produced and the appropriate scope of depositions.

5. Defendants' Emergency Motion to Compel seeks an order from this Court that Plaintiffs' disclosure of a host of attorney-client communications to multiple parties affected a subject matter waiver such that Defendants are entitled both to (i) attorney-client communications related to the disclosed communications within a year of those disclosed communications; and (ii) question deponents about attorney-client communications to the same extent. Defendants' Emergency Motion to Compel further seeks an order that Plaintiffs produce electronically stored information responsive to Defendants' documents requests through the present.

6. Plaintiffs' Motion for Protective Order requests that this Court order that Defendants are not entitled to discovery related to various defenses they have raised. Plaintiffs argue that Section 515 of ERISA bars discovery as to those defenses, as Section 515 permits solely three defenses, which Plaintiffs assert are not at issue here.

7. The Parties understand that the Court has set a current deadline of June 25, 2018 for Plaintiffs to file their opposition to Defendants' Emergency Motion to Compel.

8. The Parties jointly request that their respective oppositions to the pending motions be ordered to be filed on June 29, 2018.

9. The Parties disagree as to when a hearing on the pending motions should be held.

**Defendants' Position as to Hearing Date on Pending Motions**

10. Defendants respectfully request that the Court hold a hearing on the Parties' pending motions at the Court's earliest convenience following the filing of the Parties' respective oppositions.

11. Defendants filed their Motion to Compel as an Emergency for a reason: if, as Defendants expect, they prevail on the Motion to Compel than Plaintiffs will need to make a substantial additional document production in advance of depositions. Holding a hearing date at the Court's earliest convenience will provide the maximum time possible for Plaintiffs to produce documents in advance of those depositions.

12. The scope of discovery placed at issue by Plaintiffs' Motion for Protective Order is extremely broad, as Plaintiffs are seeking to prevent Defendants from obtaining discovery on any of Defendants' affirmative defenses at all. If, as Defendants expect, the Court denies Plaintiffs' motion, Plaintiffs will very likely have to produce a large volume of documents.

13. Defendants are already concerned that Plaintiffs' document production may not be complete before scheduled depositions because, although Plaintiffs originally stated that their document production was complete on June 11, 2018, Plaintiffs recently apprised Defendants that they were still in the process of collecting electronically stored information from multiple

custodians. Although Defendants have inquired, Plaintiffs have not informed Defendants when they expect their production of documents to be complete.

14. The parties are currently seeking to schedule depositions of Funds witnesses in July, and currently there is a deposition of a Funds witness scheduled for July 24, 2018. If the Court were to delay a hearing on the pending motions until July 9, 2018, even if the Court ruled on that very date the Funds would have only about two weeks before the deposition to produce documents. Even if they could produce documents in that timeframe, Defendants would have no time to digest the documents in advance of the deposition.

15. In short, there is no basis for the Court to delay a hearing on the parties' pending motions. The sooner the Court rules on the parties' motions, the sooner the parties will be able to proceed with discovery in this matter.

**Plaintiffs' Position as to Hearing Date on Pending Motions**

16. Defendants' motion is not a true "emergency." Defendants first raised this issue on or about May 22, 2018 and have been threatening to file this motion since on or about May 29, 2018. A party may not rely on its own decision to delay filing to later justify the existence of a so-called "emergency."

17. Plaintiffs have been and remain amenable to rescheduling depositions as necessary and appropriate, and therefore Defendants will not be prejudiced.

18. Plaintiffs propose a hearing date of July 9, which is <u>only 10 days</u> after the filing of the oppositions. Within that 10-day interim is the July 4 holiday, which complicates attorney availability.

19. The earliest a hearing could be held is July 2, 2018. Plaintiffs' proposed date is <u>at most</u> one week later from July 2.

20.     Nothing prevents this Honorable Court from beginning its review of the parties' briefings before a July 9 hearing date.

21.     Plaintiffs also have a strong interest in prompt resolution of the motions, particularly their own motion, and a hearing on July 9 fully supports that goal.

22.     Given the importance of the issues, it behooves all parties and the Court to allow the parties to have adequate time to respond to the opposing parties' filings and to adequately prepare for a hearing.

23.     Should either party feel the need to file a reply brief, they could file one by July 6.

**Conclusion**

WHEREFORE, the parties jointly move the Court to order that Plaintiffs' opposition to Defendants' Emergency Motion to Compel (ECF No. 68) and Defendants' Opposition to Plaintiffs Motion for Protective Order (ECF No.70) be ordered to be filed on June 29, 2018. Defendants request a hearing on those motions at the Courts' earliest convenience following the filing of opposition on June 29, 2018. Plaintiffs request a hearing on July 9, 2018.

Respectfully submitted,

| Plaintiffs | Defendants, |
|---|---|
| **LOUIS MANDARINI III, et al.,** | **ABSOLUTE ENVIRONMENTAL, INC. and ABSOLUTE ENVIRONMENTAL CONTRACTORS, INC.** |
| /s/ Anne R. Sills_____ | /s/Benjamin J. Wish_____ |
| Anne R. Sills, BBO No. 546576 | Howard M. Cooper (BBO #543842) |
| Kathryn S. Shea, BBO No. 547166 | Benjamin J. Wish (BBO #672743) |
| James A.W. Shaw, BBO No. 670993 | Saraa Basaria (BBO #685705) |
| Sasha N. Gillin, BBO No. 690769 | TODD & WELD LLP |
| Nathan P. Goldstein BBO No. 666101 | One Federal Street, 27th Floor |
| Segal Roitman, LLP | Boston, MA 02110 |
| 33 Harrison Avenue, 7th Floor | (ph) (617) 720-2626 |
| Boston, MA 02111 | |
| (617) 742-0208 | |
| asills@segalroitman.com | |
| jshaw@segalroitman.com | |

Dated: June 22, 2018

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this 22nd day of June 2018.

                                            /s/ Benjamin J. Wish
                                            Benjamin J. Wish